UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES ECKERT,<br><br>                          Plaintiff,<br><br>   - against -<br><br>BLANK SLATE MEDIA LLC,<br><br>                          Defendant. | Docket No. 2:19-cv-00120<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Charles Eckert ("Eckert" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Blank Slate Media LLC ("Blank Slate" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement under Section 501 of the Copyright Act; and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the exterior of John L. Miller High School, owned and registered by Eckert, a New York-based professional photographer. Accordingly, Eckert seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.    This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Eckert is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 4130 46th Street, Apt. 6M, Apt. 3, Sunnyside, New York 11104.

6. Upon information and belief, Blank Slate is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 99 Hillside Ave., Williston Park, New York, NY 11596.

7. At all times material hereto, Blank Slate has owned and operated a website at the URL: https://theislandnow.com (the "Website").

8. Blank Slate is a for-profit entity.

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

9. Eckert photographed the exterior of John L. Miller High School (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

10. Eckert is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-129-110, with effective date of December 3, 2018 (the "110 Registration"). A true and correct copy of the 110 Registration is attached hereto as Exhibit B.

12. The content title of the Photograph, as listed on the face of the 110 Registration, is "8.29.12 John L.Miller High School Eckert.JPG."

**B.    Defendant's Infringing Activities**

13. On or about April 26, 2017, Blank Slate ran an article on the Website entitled *7 North Shore schools top U.S. News state rankings*. *See* URL https://theislandnow.com/news-98/7-north-shore-schools-top-u-s-news-state-rankings/ (the "Article"). The Article prominently featured the Photograph. A true and correct copy of a screenshot of the Article is attached hereto as Exhibit C.

14. Blank Slate did not license the Photograph from Plaintiff for its Article.

15. Blank Slate did not have Plaintiff's permission or consent to publish the Photograph on its Website.

16. Prior to the filing of this lawsuit, there was no communication between Plaintiff and Defendant.

**FIRST CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
(17 U.S.C. §§ 106, 501)**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. Blank Slate infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

19. Blank Slate is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

20. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

21. Upon information and belief, the foregoing acts of infringement by Defendant have been willful or in reckless disregard of Plaintiff's rights.

22. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF
(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
AGAINST DEFENDANT)
(17 U.S.C. § 1202)**

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24. When the Photograph was first published, it contained copyright management information under 17 U.S.C. § 1202(b).

25. Upon information and belief, Defendant knowingly removed copyright management information identifying Eckert as the author of the Photograph or, in the alternative, had reasonable grounds to know that copyright management information had been removed or altered.

26. The conduct of Defendant violates 17 U.S.C. § 1202(b).

27. Upon information and belief, Defendant's removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. Upon information and belief, the alteration and/or removal of said copyright management information was made by Defendant knowingly or, in the alternative, Defendant had reasonable grounds to know that the Photograph was displayed on the Website without any attribution to Eckert.

29. Upon information and belief, the alteration and/or removal of said copyright management information was made by Defendant with the intent to induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photograph or, in the alternative, Defendant should have known that such alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photograph.

30. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

31. Plaintiff should also be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. §1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be ordered to remove the Photograph from the Website.

3. That Defendant be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202(b).

4. That, with regard to the First Claim for Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded statutory damages of at least $2,500 and up to $25,000 for each instance removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c)(3);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. §1203(b);

8. That Plaintiff be awarded pre-judgment and post-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
January 7, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
Richard Liebowitz, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorneys for Plaintiff Charles Eckert*